IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALEX DALTON INGRAM, #576656 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv489 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus was filed fifteen years too late and should be dismissed as time-barred. Petitioner filed objections.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

Petitioner argued that he may overcome the statute of limitations by making a prima facie showing of actual innocence. In support of his claim, he cited the Supreme Court's decisions in *Loncar v. Thomas*, 517 U.S. 314, 324 (1996) and *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Neither case, however, was concerned with the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act. The Fifth Circuit, on the other hand, has rejected the argument being made by Petitioner. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011). Petitioner also complained that he was not given notice that the case may be dismissed as time-barred, as required by *Day v. McDonough*, 547 U.S. 198, 210 (2006).

1

However, the § 2254 form presently used by the Court placed him on notice that the case may possibly be dismissed as time-barred, and Petitioner, in fact, responded to the notice. *See* petition, page 9, question no. 26. Moreover, the Report and Recommendation gave him fair notice that the case may be dismissed as time-barred, which gave him the opportunity to file objections to show that the case should not be dismissed based on the statute of limitations. *See Torres v. Davis*, 416 Fed. Appx. 480, 482 (6th Cir. 2011). *See also Venegas v. Biter*, No. CV 12-3568, 2012 WL 3283394 at *3 (C.D. Cal. July 3, 2012); *Carter v. MacLaren*, No. 2:12-cv-160, 2012 1611255 at *1 (W.D. Mich. May 8, 2012); *George v. Olens*, No. 1:12-CV-1, 2012 WL 1424499 at *3 n.4 (M.D. Ga. Feb. 8, 2012); *Fomby v. Jones*, No. CIV-11-1466-D, 2012 WL 1035737 at *2 (W.D. Okla. Jan. 30, 2012). The Court finds that the objections lack merit, therefore the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

ORDERED that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 10th day of September, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**